UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT E. MARSHALL,

Plaintiff,

v. Case No. 8:06-cv-1566-T-24 MAP

UNITED STATES OF AMERICA,

Defendant.
_____________________________________/

**ORDER**

This cause comes before the Court on Defendant's Motion for Summary Judgment. (Doc. No. 22.) Plaintiff has filed a response in opposition. (Doc. No. 31.)

## I. Background

On December 20, 1999, and January 3, 2000, the Internal Revenue Service ("IRS") assessed trust fund recovery penalties against Plaintiff Robert E. Marshall ("Marshall"), pursuant to I.R.C. § 6672 (2007). (Doc. No. 22-2.) The trust fund recovery penalties were assessed against Marshall because he was the responsible officer of his corporation, Marshall Electric Company, Inc., who failed to collect, account for, and pay over its employment taxes for the taxable quarters between January 1998 and September 1999. (Lee Decl. ¶ 2.)

On October 27, 2000, the IRS issued Marshall a "Final Notice – Notice of Intent to File a Notice of Federal Tax Lien" ("Final Lien Notice"). (Lee. Decl. ¶ 3, Exh. C-29.) The Final Lien Notice informed Marshall that he had until November 30, 2000 to seek administrative review of the lien through a collection due process ("CDP") hearing. (Lee Decl., Exh. C-29.) Marshall did not request a CDP Hearing within the time frame set forth in the Final Lien Notice.

On July 19, 2005, the IRS issued Marshall a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing" ("Final Levy Notice"), informing Marshall of the IRS's intent to levy against Marshall's property to satisfy the unpaid trust fund recovery penalties, which then totaled $852,115.43. (Lee Decl. ¶ 3, Exh. C-26.) The Final Levy Notice also informed Marshall that he had thirty days within which he could request administrative review of the levy through a CDP hearing. (Lee Decl., Exh. C-26.) On August 15, 2005, Marshall's representative, Donald Devlin[1], submitted to the IRS Marshall's request for a CDP hearing on the Final Levy Notice, but inadvertently checked that the request was for a CDP hearing on the Final Lien Notice issued in 2000. (Devlin Decl. ¶ 3, Exh. A; Doc. No. 31, p. 2.)

Notwithstanding the mistake in Marshall's request for a CDP hearing, the IRS scheduled a CDP hearing on the Final Levy Notice for March 1, 2006. (Lee Decl. ¶ 4, Exh. C-10.) On November 23, 2005, Marshall submitted an "Offer In Compromise" to the IRS, in which he offered to pay $16,000.00 in full satisfaction of the trust fund recovery penalties of $852,115.43. (Lee Decl. ¶ 5, Exh. B-11.) Along with the Offer In Compromise, Marshall provided the IRS other relevant financial information so that the Offer In Compromise could be fully evaluated. (Lee Decl., Exh. B-12, B-13, B-15, B-25, et al.)

On January 30, 2006, Marshall withdrew his request for a CDP hearing. (Lee Decl. ¶ 6, Exh. C-8 and C-9; Devlin Decl. ¶¶ 6 and 7, Exh. D and E.) Marshall states that this was only done at the request of the IRS Appeals Officer Darryl Lee ("Lee"), who was the IRS

[1]On January 1, 2000, Marshall executed a power of attorney granting Donald Devlin, a certified public accountant, the power to represent him before the IRS regarding the trust fund recovery penalties. (Devlin Decl., Exh. A.) For purposes of this Order, the Court will not make a distinction between the acts of Donald Devlin and the acts of Marshall.

representative handling Marshall’s case. (Devlin Decl. ¶ 6.) Marshall states that Lee asked Marshall to withdraw his request for a CDP hearing because the IRS records indicated a duplication of filing, and that the withdrawal was not submitted with the intent to actually withdraw the request. (Id.) Despite Marshall’s withdrawal of his request for a CDP hearing, Marshall and Lee continued discussions regarding Marshall’s CDP hearing and the Offer In Compromise. (Lee Decl. ¶ 7; Devlin Decl. ¶ 8.) During the course of these discussions, Marshall states that he indicated to Lee that he was willing to increase his Offer In Compromise amount, and that he and Lee continued to negotiate the “Reasonable Collection Potential” amount.[2] (Devlin Decl. ¶¶ 8 and 11.)

On July 20, 2006, Lee sent Marshall a schedule analyzing Marshall's Offer In Compromise and calculating Marshall's Reasonable Collection Potential. (Complaint ¶ 14; Devlin Decl. ¶ 10.) Marshall did not agree with Lee’s calculations of his Reasonable Collection Potential. (Devlin Decl. ¶ 10.) Specifically, Marshall felt that Lee’s calculation of his Reasonable Collection Potential did not accurately take into account the effect of an outstanding judgment lien against Marshall. (Id.) Marshall believed that this judgment would take priority over any federal tax lien or levy that would be imposed against him, thereby reducing his Reasonable Collection Potential to an amount less than what Lee had calculated. (Id.) Lee agreed to give Marshall until August 3, 2006 to further supplement the information he had already provided to Lee, and to respond to Lee’s Reasonable Collection Potential calculation. (Devlin Decl. ¶ 11.)

---

[2]The "Reasonable Collection Potential" is the amount calculated by the IRS in determining how much Marshall could reasonably pay the IRS as a compromised amount in full satisfaction of the debt owed.

However, on July 28, 2006, the IRS issued Marshall a Notice of Determination, informing Marshall of its decision to sustain the proposed levy. (Lee Decl. ¶ 7; Devlin Decl. ¶ 12.) As a result, on August 25, 2006, Marshall filed his complaint in the instant case (Doc. No. 1), alleging the following: (1) that the IRS continued to engage in collection activities while his Offer in Compromise was still pending[3]; (2) that the IRS abused its discretion in not allowing Marshall to respond to Lee's Reasonable Collection Potential calculations before issuing the Notice of Determination; (3) that the IRS abused its discretion when it failed to consider all previously submitted financial information in calculating the Reasonable Collection Potential; and (4) that the IRS abused its discretion when it failed to negotiate an Offer in Compromise to settle Marshall's tax liability. In his complaint, Marshall requested that the Court set aside the Notice of Determination and direct the IRS to negotiate with him in processing his Offer In Compromise. On October 23, 2006, the United States of America filed its answer to Marshall's complaint. (Doc. No. 4.) On July 18, 2007, the United States of America filed this motion for summary judgment, and on August 9, 2007, Marshall filed his response thereto.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all

[3]Marshall has since stated that he no longer believes the IRS engaged in collection activity while considering his Offer in Compromise. (Doc. No. 22-3, ¶ 2.) However, the Court notes that Marshall has not filed a notice of dismissal of this claim, and therefore, the claim still remains in this case.

reasonable doubts in that party's favor. See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006)(citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See id. (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. See id. (citation omitted).

"In a CDP case in which, as here, the amount of the underlying tax liability is not at issue, the trial court and the court of appeals review the determination of the IRS appeals officer for abuse of discretion." *Olsen v. United States*, 414 F.3d 144, 150 (1st Cir. 2005) (citing *Living Care Alternatives of Utica, Inc. v. United States*, 411 F.3d 621, 624-25 (6th Cir. 2005); *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003)). The district court reviewing the determination of the IRS appeals officer generally conducts its review on the administrative record.[4] *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Pursuant to Treasury Regulation § 301.6330-1(e)(3)A-E1, the determination of an IRS appeals officer must take into consideration: (1) whether the IRS met the requirements of any applicable law or administrative procedure; (2) any issues appropriately raised by the taxpayer; (3) any appropriate spousal defenses raised by the taxpayer; (4) any

[4]The administrative record generally consists of "[t]he case file, including the taxpayer's request for hearing, any other written communications and information from the taxpayer or the taxpayer's authorized representative submitted in connection with the CDP hearing, notes made by an Appeals officer or employee of any oral communications with the taxpayer or the taxpayer's authorized representative, memoranda created by the Appeals officer or employee in connection with the CDP hearing, and any other documents or materials relied upon by the Appeals officer or employee in making the determination under section 6330(c)(3) . . .." Treas. Reg. § 301.6330-1(f)(2)A-F4.

challenges made by the taxpayer to the appropriateness of the proposed collection action; (5) any offers by the taxpayer for collection alternatives; and (6) whether any proposed collection action balances the need for the efficient collection of taxes, with the legitimate concern of the person that any collection action be no more intrusive than necessary.

## III. Analysis

The United States makes the following arguments in support of its motion for summary judgment: (1) that this Court lacks jurisdiction to review the Notice of Determination regarding the Final Lien Notice; and (2) that the facts of this case clearly demonstrate that the IRS did not abuse its discretion in deciding to sustain the levy against Marshall. The Court will address each argument in turn.

The United States argues that the IRS' decision to sustain the Final Lien Notice is not reviewable by this Court. When Marshall requested a CDP hearing, he checked the box stating that he was challenging the Final Lien Notice. However, Marshall submitted his request for a CDP hearing request on August 15, 2005, and the deadline for such request was November 30, 2000. The IRS states that because Marshall's request for a CDP hearing was untimely, the IRS granted Marshall an "equivalent hearing" on the Final Lien Notice instead of a CDP hearing. Equivalent hearings are not appealable, and therefore, the United States contends that, to the extent that Marshall is challenging the IRS' decision to sustain the Final Lien Notice, this Court lacks jurisdiction to hear the issue. The Court does not disagree, but finds that Marshall is not challenging the IRS' decision to sustain the Final Lien Notice in this action, but rather its decision to sustain the Final Levy Notice. As such, the Court finds the issue of whether this Court lacks jurisdiction is moot.

As to the IRS' determination to sustain the Final Levy Notice, the United States contends that there was no abuse of discretion on the part of the IRS, and makes two arguments in support of this contention. The first argument is procedural. The United States again points out that Marshall never actually requested a CDP hearing on the Final Levy Notice, but only on the Final Lien Notice. Additionally, Marshall withdrew his request for a CDP hearing. The United States contends that the Final Levy Notice should be sustained based solely on these two facts. In response, Marshall states that his request for a CDP hearing contained a typographical error marking that he was requesting a CDP hearing on the Final Lien Notice, when he was actually requesting a CDP hearing on the Final Levy Notice. Marshall also points out that he only withdrew his request for the CDP hearing upon the express request of Lee, who informed Marshall that the IRS' records indicated that there had been a duplication of filing.

The Court notes that in response to Marshall's request for a CDP hearing, the IRS set a CDP hearing on the Final Levy Notice, indicating its acceptance that Marshall's request was really on the Final Levy Notice. (Lee Decl. ¶ 4, Exh. C-10.) The Court further notes that even after Marshall withdrew his request for a CDP hearing, Lee continued discussions with Marshall regarding the CDP hearing and his Offer In Compromise. (Lee Decl. ¶ 7; Devlin Decl. ¶ 8.) The Court finds the United States' argument to be disingenuous, in that it belies the reality of the way the IRS treated Marshall's initial request for a CDP hearing and subsequent withdrawal of it. The Court will not uphold the IRS' decision to sustain the Final Levy Notice based solely on the fact that Marshall never requested a CDP hearing as to the Final Levy Notice and that he subsequently withdrew his request for a CDP hearing.

The second argument that the United States advances goes to the merit of Lee's decision

to issue the Notice of Determination sustaining the Final Levy Notice. The United States contends that in reaching his conclusion, Lee considered all relevant financial records submitted by Marshall for both himself and his corporation, as well as the IRS' records of Marshall's account. Additionally, the United States argues that Lee had no obligation to negotiate an Offer In Compromise with Marshall, and that Lee's only obligation was to consider Marshall's Offer In Compromise. The United States asserts that Lee complied with all of the requirements of the Internal Revenue Code and the Treasury Regulations in considering Marshall's Offer In Compromise, and that only after doing so found that his Offer In Compromise was insufficient and decided to sustain the levy. In sum, the United States argues that there is no genuine issue of material fact about whether the IRS abused its discretion by rejecting Marshall's Offer In Compromise and by sustaining the Final Levy Notice, and therefore, that the United States is entitled to judgment as a matter of law.

Marshall responds that the IRS decided to sustain the Final Levy Notice based on an erroneous assessment of the law and facts, and therefore, that the IRS abused its discretion. The IRS issued Marshall the Notice of Determination a full six days before August 3, 2006, the response date agreed to by Lee. Marshall contends that because he was unable to respond to Lee's Reasonable Collection Potential calculation, the IRS determined to sustain the levy based on an erroneous assessment of the law, in an abuse of its discretion. Specifically, Marshall argues that Lee erroneously assessed how the outstanding judgment lien against Marshall affected Marshall's Reasonable Collection Potential.

The Court notes that if Lee agreed to give Marshall until August 3, 2006 to provide supplemental information, the IRS should have waited until after August 3, 2006 to issue the

Notice of Determination. However, the administrative file herein establishes that Lee reviewed all of Marshall's financial data, which includes information on the outstanding judgment lien against Marshall. Lee determined that Marshall's Offer In Compromise was insufficient and sustained the Final Levy Notice only after a complete review of Marshall's information. Marshall has not stated what the additional information he intended to supply Lee was that might have effected the IRS' decision with respect to the Final Levy Notice. Lee fully complied with the requirements of the Internal Revenue Code, the Treasury Regulations, and the Internal Revenue Manual. Marshall concedes that the IRS is not under an obligation to negotiate an acceptable Offer In Compromise with a taxpayer. Based on all of the foregoing, the Court finds that there is no question of material fact as to whether the IRS abused its discretion in deciding to sustain the levy against Marshall and issue the Notice of Determination.

Accordingly, it is **ORDERED AND ADJUDGED** that the United States' Motion for Summary Judgment is **GRANTED**. The Clerk is directed to enter judgment for the United States and close this case. The pretrial conference scheduled for November 13, 2007 is cancelled.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of November, 2007.

Susan C. Bucklew

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record